IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANK AGUIAR,

    Petitioner,                   No. 2: 10-cv-2059 JAM KJN P

    vs.

J.W. HAVILAND, et al.,          ORDER AND

    Respondents.          FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

        Petitioner, a state prisoner proceeding without counsel, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2008 prison disciplinary conviction for possession of contraband (nudity) in violation of Cal. Code Regs. tit. 15, § 3006(c). Petitioner alleges that he was denied his right to call witnesses. As relief, petitioner seeks restoration of good time credits assessed as a result of the disciplinary finding and expungement of the conviction from his prison record.

        Pending before the court is respondent's motion to dismiss filed January 19, 2011. On February 23, 2011, the court ordered petitioner to show cause for his failure to file an opposition. On March 1, 2011, petitioner filed a response to the show cause order and his opposition. Good cause appearing, the show cause order is vacated.

Respondent argues that this action should be dismissed for lack of jurisdiction. After carefully considering the record, the undersigned recommends that respondent's motion be granted.

II. Discussion

This court has jurisdiction to consider habeas petitions where the petitioner is "in custody pursuant to the judgment of a State court" and alleges that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A writ of habeas corpus is not limited to immediate release from unlawful confinement, but rather is available to attack future confinement and obtain future releases. See Preiser v. Rodriguez, 411 U.S. 475, 487 (1973); see also Toussaint v. McCarthy, 801 F.2d 1080, 1096 n.14 (9th Cir. 1986)[1] ("To the extent that defendants may from time to time deny the credits due under sections 2931 and 2933, without affording a prisoner due process of law, that prisoner may obtain habeas corpus relief."). A prisoner may challenge a prison disciplinary conviction by petition for writ of habeas corpus if the conviction resulted in the loss of good time credits because credits impact the duration of the prisoner's confinement. Preiser at 487-88 (suit seeking restoration of good time credits was "within the core of habeas corpus in attacking the very duration of their physical confinement itself"). In dicta, the court in Preiser noted that such a challenge is permissible even if restoration of the credits would not result in the prisoner's immediate release from prison. Id.

"Habeas corpus jurisdiction also exists when a petitioner seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989); see also Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004) ("[W]e understand Bostic's use of the term 'likely' to identify claims with a sufficient nexus to the length of imprisonment so as to implicate, but not fall squarely within, the 'core' challenges identified by the Preiser Court.")

---

[1] Toussaint was abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293 (1995).

1       Pursuant to California Code of Regulations § 2402(a), the Board of Prison Hearings ("BPH") is required to determine petitioner's suitability for parole by considering: his "involvement in other criminal misconduct which is reliably documented;" his "behavior before, during, and after the crime;" and whether he "has engaged in serious misconduct in prison or jail." Cal. Code Regs. tit. 15, § 2402(b), (c)(6) (2010). Institutional behavior is given additional consideration because "[i]nstitutional activities indicate an enhanced ability to function within the law upon release." Id.; § 2402(d)(9). Therefore, the BPH is required to consider petitioner's prison disciplinary record in determining his suitability for parole.

      Respondent argues habeas jurisdiction is lacking because petitioner's challenge will not necessarily shorten petitioner's sentence. Respondent contends that the good time credits initially assessed were subsequently restored when petitioner's disciplinary conviction was reclassified as administrative rather than serious. (Respondent's Exhibits 3, 4.) Respondent goes on to argue that because petitioner's claims implicate only a condition of confinement, they are not cognizable in federal habeas and should be raised in a civil rights action.

      In his opposition, petitioner does not dispute that his time credits were restored. Instead, petitioner argues that the BPH used the at-issue disciplinary conviction to find him unsuitable for parole. Attached as an exhibit to the opposition is the transcript of the "Decision" from petitioner's 2010 parole suitability hearing. In 2010, the BPH found petitioner unsuitable primarily based on his failure to take responsibility for his crime. (Dkt. No. 20, at 5-9; "I really still think you're still having trouble understanding that you are responsible for any of this..." (Id., at 7.))  The BPH also noted that it was troubled by the "dueling psychologists." (Id., at 9.) Petitioner had some positive psychological evaluations and some less than positive psychological evaluations. (Id.) The BPH noted the at-issue rules violation conviction, acknowledging that it had been reduced to an administrative violation. (Id., at 11-12; "If you're going to get a 115, it's certainly better than getting a violent 115 or a narcotic 115. But you're a lifer. You know the rules. You know those rules.") Regarding the at-issue disciplinary conviction, Deputy

3

1  Commissioner Turner commented that it was not "really that bad." (Id., at 13.)

2  Petitioner has also attached transcripts from several prior parole suitability
3  hearings. The at-issue conviction was not discussed at the prior hearings. However, in 2008 and
4  2007, the BPH advised petitioner that he would be found suitable for parole if he went for five
5  years without any rules violation convictions. (Id., at 20, 23.)

6  Having reviewed the BPH's decision following petitioner's 2010 suitability
7  hearing, the undersigned does not find that reversal or expungement of petitioner's disciplinary
8  conviction is both "likely" to accelerate his eligibility for parole, Bostic, 884 F.2d at 1269, and
9  "could potentially affect the duration of [his] confinement." Docken, 393 F.3d at 1031. As
10 discussed above, in 2010 the BPH found petitioner unsuitable for parole for several reasons.
11 However, the factor relied on most strongly by the BPH in 2010 was petitioner's failure to accept
12 responsibility for his crime. While the at-issue disciplinary conviction was mentioned and
13 discussed, the BPH was not strongly influenced by it in finding petitioner unsuitable for parole.
14 For these reasons, reversing or expunging the at-issue prison disciplinary is not likely to
15 accelerate petitioner's eligibility for parole.

16 In his opposition, petitioner suggests that this disciplinary conviction directly
17 impacts his parole eligibility because he has been told he must remain disciplinary free for five
18 years before being found suitable. While petitioner received this advice, petitioner received a
19 three year denial following the 2010 suitability hearing. (Dkt. No. 20, at 13.) In addition, at the
20 2010 hearing, the BPH acknowledged that the at-issue prison disciplinary conviction was
21 administrative rather than serious. As discussed above, Deputy Commissioner Turner even
22 stated that the conviction was not "that bad." For these reasons, petitioner's claim that he will
23 not be found suitable for parole for the next five years based on this disciplinary conviction is
24 speculative.

25 The undersigned acknowledges that other courts have concluded that habeas
26 jurisdiction exists for challenges to prison disciplinary convictions considered in parole

4

suitability hearings.  See, e.g., Johnson v. Swarthout, S-10-1568 KJM DAD, 2011 WL 1585859 at *2-3  (E.D. Cal. Apr. 22, 2011) (Findings and recommendations recommending that habeas jurisdiction exists for a challenge to a disciplinary decision, but no decision yet from the district judge); Hardney v. Carey, S-06-0300 LKK EFB, 2011 WL 1302147 at *5-8 (E.D. Cal. Mar. 31, 2011) (same); Foster v. Washington-Adduci, 2010 WL 1734916 at *4 (C.D. Cal. Mar. 24, 2011) (Respondent's reliance on dictum from Ramirez v. Galaza, 334 F.3d 850 (9th Cir. 2003), was not persuasive in case brought under § 2241 in the federal prison context ); Murphy v. Dep't of Corrs. & Rehabilitation, 2008 WL 111226 at *7 (N.D. Cal. Jan. 9, 2008) (habeas corpus jurisdiction is proper to challenge a disciplinary guilty finding because "[a]s a matter of law, it is well established that a disciplinary violation may affect the duration of an inmate's confinement."); Drake v. Felker, S-07-0577 JKS, 2007 WL 4404432 at *2 (E.D. Cal. Dec. 13, 2007) (Habeas corpus jurisdiction found to exist over a challenge to a disciplinary decision because "a negative disciplinary finding, at least in California, necessarily affects potential eligibility for parole")

        However, other courts have reached the opposite conclusion.  See, e.g. Rhodes v. Evans, S-09-1842 JAM EFB, Docket Nos. 18, 20 (E.D. Cal. Apr. 4, 2011) (District judge held that challenge to disciplinary decision was not cognizable on habeas review, rejecting magistrates judge's recommendation); Legare v. Ochoa, S-10-2379 AWI, 2011 WL 795811 at *1 (E.D. Cal. Mar. 1, 2011) (Findings and recommendations recommending that habeas jurisdiction does not exist for a challenge to a disciplinary decision, but no decision yet from the district judge): Norman v. Salazar, 2010 WL 2197541 at *2 (C.D. Cal. Jan. 26, 2010) ("the mere possibility that the 2006 disciplinary conviction could be detrimental to petitioner in future parole hearings is too speculative to serve as the basis for a habeas corpus petition"); Santibanez v. Marshall, 2009 WL 1873044 at *7 (C.D. Cal. June 30, 2009) (claim seeking expungement of disciplinary conviction not cognizable on habeas review because it would have only speculative impact on the petitioner's consideration for parole in the future).

Based on the record in the instant case, the undersigned finds that expungement or reversal of the at-issue conviction is not likely to accelerate petitioner's eligibility for parole. For these reasons, and because the time credits assessed as a result of the conviction have been restored, respondent's motion to dismiss should be granted.

Accordingly, IT IS HEREBY ORDERED that the February 23, 2011 order to show cause is discharged;

Accordingly, IT IS HEREBY RECOMMENDED that respondent's January 19, 2011 motion to dismiss (Dkt. No. 17) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 20, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ag2056.mtd